Case 4:23-cv-04150   Document 19   Filed on 06/30/25 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
June 30, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Cesar F., | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 4:23-cv-04150 |
| Commissioner of Social Security, | § § § | |
| *Defendant.* | § § | |

## MEMORANDUM AND RECOMMENDATION
## ON ATTORNEYS' FEES

Plaintiff Cesar F. has filed an amended motion for attorneys' fees under the Equal Access to Justice Act 28 U.S.C. § 2412, *see* Dkt. 18, after the original motion was denied for lack of substantiation and failure to include the certificates of conference and of service, Dkt. 17. The amended motion does not rectify all those deficiencies, as it still lacks the required certificates. Thus, this Court would be justified in denying the motion altogether.[1]

Nevertheless, the Court presumes from Defendant Commissioner of Social Security's lack of response that it does not, in fact, oppose the request.

---

[1] It is difficult to comprehend why counsel, Ida M. Comerford, did not address those deficiencies explicitly flagged in the Court's order denying the original fee application. The only reasonable assumption is that counsel did not fully read the order. That is troubling.

Given the non-opposition and the findings below, it is recommended that the motion for fees be granted.

## Analysis

### I. Plaintiff is entitled to recover attorneys' fees.

The Equal Access to Justice Act ("EAJA") authorizes a plaintiff to recover reasonable attorneys' fees after successfully appealing a decision by the Social Security Administration. *See* 28 U.S.C. § 2412(d)(1)(A). To recover those fees, a plaintiff must establish: (1) that he is the prevailing party; (2) that he timely filed a fee application, (3) the Government's position was not substantially justified; and (4) no special circumstances would make a fee award unjust. *See Reese v. Saul*, 2021 WL 2188686, at *1 (S.D. Tex. Apr. 1, 2021) (citing, *inter alia*, 28 U.S.C. § 2412(d)(1)(A)-(B)).

Plaintiff is the prevailing party. This is because the Court granted Plaintiff's request to reverse the Commissioner's denial of benefits and remanded this case for further administrative proceedings under the fourth sentence of 42 U.S.C. § 405(g). *See* Dkt. 10 (motion); Dkt. 15 (order adopting Dkt. 14, which recommended reversal and remand); *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993) (reversal and remand pursuant to 42 U.S.C. § 405(g) confers a plaintiff with prevailing party status).

Plaintiff also timely filed his motion for attorneys' fees within thirty days of the final judgment. *See* 28 U.S.C. § 2412(d)(1)(B) (30-day deadline from final

judgment); *id.* § 2412(d)(2)(G) (defining "final judgment" as "a judgment that is final and not appealable"); Dkt. 15 (March 3, 2025 final order reversing and remanding); Dkt. 17 (denying original motion for fees but granting until June 17, 2025 to renew the request); Dkt. 18 (June 10, 2025 amended motion for fees). Nothing indicates that the Commissioner's position was substantially justified or that any special circumstances would make a fee award unjust. An award of fees under the EAJA is therefore proper.

Next, the Court examines the number of hours worked and the applicable hourly rate. Plaintiff seeks fees for (a) 2.1 attorney hours worked in 2023, at a requested hourly rate of $236.40; (b) 27.8 hours in 2024 and 1.3 hours in 2025, both at a requested hourly rate of $242.23. Dkt. 18-1 at 5-6.

Plaintiffs' total of 31.2 attorney hours falls within the standard range for Social Security appeals. *See, e.g., Thomas H. v. Kijakazi*, 2023 WL 5191950, at *2 (S.D. Tex. Aug. 10, 2023) (typical range is twenty to forty hours). That figure is reasonable.

Counsel's requested hourly rates exceed the EAJA rate of $125, which was last amended in 1996. Notably, too, those rates are slightly higher than the appropriate rates ($234.41 for 2023 and $240.19 for 2024) after accounting for cost-of-living adjustments in the area where this Court sits.[2] *See Kelsey v.*

---

[2] Plaintiff's motion invokes a different CPI for Houston-Galveston-Brazoria. But the one this Court has used in many recent opinions is for the Houston-The Woodlands-

*O'Malley*, 2024 WL 1016372, at *2 (S.D. Tex. Feb. 14, 2024) (local Consumer Price Index ("CPI")-adjusted hourly rate for 2023 as $234.41), *adopted by* 2024 WL 1023036 (S.D. Tex. Mar. 8, 2024); *Nash v. Colvin*, 2025 WL 871623, at *2 (S.D. Tex. Mar. 20, 2025) (CPI-adjusted rate for 2024 is $240.19).

Applying the local CPI-adjusted rates ($234.41 for 2023 and $240.19 for 2024) to the number of attorney-hours worked (2.1 hours in 2023 and 29.1 hours for 2024 and 2025 combined) results in a total of $7,481.79.[3] Plaintiff's requested total of $7,545.33 is only marginally higher. The Court finds $7,545.33 to be a reasonable fee award in this case.

## II.   **Payment must be made to Plaintiff.**

In passing, the motion asks the Court to direct payment of the fee award to Plaintiff's counsel. *See* Dkt. 18-1 at 6. An EAJA fee award is payable to the litigant, rather than his counsel. *See Astrue v. Ratliff*, 560 U.S. 586, 597-98 (2010). Those "fees are also subject to an offset to satisfy any pre-existing debt that the litigant owes to the federal government." *Jackson v. Astrue*, 705 F.3d 527, 531 n.11 (5th Cir. 2013) (citing *Astrue*, 560 U.S. at 590). Following *Astrue* and *Jackson*, courts within this Circuit have declined similar requests to have

---

Sugar Land, Texas area. That CPI is available on the U.S. Bureau of Labor Statistics' website. *See Databases, Tables & Calculators by Subject*, U.S. Bureau of Lab. Stat., https://perma.cc/83YX-2829.

[3] Plaintiff did not request a separate CPI-adjusted hourly rate for 2025, so the Court will use the 2024 rate instead.

EAJA awards made payable to a litigant's counsel—even when the litigant has assigned the award to an attorney. *See, e.g.*, *Thomas H.*, 2023 WL 5191950, at *4 n.9 (denying direct payment to counsel, despite plaintiff's signed waiver); *see also, e.g.*, *Cardona v. Comm'r of Soc. Sec.*, 2023 WL 2577200, at *2 (W.D. Tex. Mar. 17, 2023) (collecting authorities), *adopted by* 2023 WL 2903980 (W.D. Tex. Apr. 11, 2023).

Accordingly, the EAJA fees must be paid to Plaintiff. "It will thereafter fall on Plaintiff to satisfy whatever obligations that [he] may have with respect to paying [his] counsel for litigating this action." *See Arizmendez v. Colvin*, 2014 WL 2154052, at *1 (N.D. Tex. May 22, 2014); *see also Jackson*, 705 F.3d at 531 ("EAJA fees are paid to the claimant, who may or may not tender the award to counsel.").

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff Cesar F.'s fee application (Dkt. 18) be **GRANTED**, and that he be awarded $7,545.33 in attorneys' fees under the Equal Access to Justice Act. It is further **RECOMMENDED** that the award be payable only to Plaintiff, but that Defendant may send the payment to Plaintiff's counsel.

Signed on June 30, 2025, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge